UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALMETALS, INC.,

    Plaintiff(s),

v.

WICKEDER WESTFALENSTAHL, GMBH,

    Defendant(s).
_____/

Case No. 08-10109

Honorable Nancy G. Edmunds

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO ADJOURN PRELIMINARY INJUNCTION HEARING AND TO CONSOLIDATE TRIAL [21] AND DENYING DEFENDANT'S MOTION FOR DISSOLUTION OF TEMPORARY RESTRAINING ORDER [24]**

Plaintiff Almetals, Inc. filed this breach of contract action against Defendant Wickeder Westfalenstahl, GMBH. Defendant is a manufacturer of clad metal and is based in Germany. For more than a decade, Defendant has provided clad metal to Plaintiff. The contract under which the parties operated required Plaintiff to pay within "60 days from invoicing." Defendant changed the payment terms to "cash on delivery." This change is the basis of Plaintiff's suit.

On January 11, 2008, Plaintiff filed a motion for temporary restraining order ("TRO") and a motion for preliminary injunction. On January 14, 2008, Defendant filed a motion to dismiss for insufficiency of process and insufficiency of service of process. This Court heard the motions on January 16, 2008. The Court stated:

> We have first a motion to dismiss for insufficiency of process and insufficiency of service of process. I'm not even going to bother with argument in this case. I mean, obviously, the defendant will have to be

> properly served sooner or later. Hopefully sooner. But for purposes of the TRO, they are entitled to notice and an opportunity to be heard. Their counsel has been aware of this from before the beginning of the lawsuit and I see no problem going forward with the TRO at this time. So denied without prejudice.
>
> I mean, obviously, if they are not eventually properly be served, that is another issue. But I assume that Honigman knows how to serve under the Hague Convention and can do so.

With respect to the TRO, the Court stated:

> My inclination on this would be to set this down for a Preliminary Injunction Hearing as soon as possible, but to keep the 60 day term in affect [sic] pending determination on the Preliminary Injunction.
>
> I'm not so sure that - well, I am reasonably sure that that doesn't reflect any determination with respect to the merits but at least it maintains the status quo and kind of lets the parties continue going forward on a short term basis while we resolve this.

The Court granted Plaintiff's motion for TRO. The TRO maintains the status quo between the parties; Plaintiff is required to pay Defendant sixty days after receipt of invoice for the clad metal. It also required Plaintiff to post a $100,000 bond. The TRO "shall remain in effect until further order of the Court."

On February 7, 2008, the Court issued an order appointing an international process server. Plaintiff has since learned that service on a party in Germany under the Hague Convention will take approximately three months, and Defendant has not agreed to accept service. On February 8, 2008, Plaintiff filed its motion to adjourn preliminary injunction hearing and to consolidate trial. On February 11, 2008, Defendant filed its motion for dissolution of temporary restraining order. These matters are now before the Court.

**I.      Motion to Adjourn Preliminary Injunction Hearing and to Consolidate Trial**

In its motion, Plaintiff "respectfully requests that this Court adjourn the preliminary injunction hearing, scheduled for Wednesday, February 27, 2008, until Almetal serves Wickeder with process, and consolidate the preliminary injunction hearing with a trial on the merits." (Pl.'s Mot. at 4-5.) Plaintiff argues that to conduct the preliminary injunction hearing or trial before Defendant is served could lead to an anomalous result: "If Wickeder likes the outcome, it can choose to enforce the judgment against Almetals. If Wickeder does not like the outcome, then it can choose to contest the judgment based on lack of service. Again, this is not a just result." (*Id.* at 4.)

Defendant, for its part, "agrees that consolidation of the preliminary injunction hearing with the trial on the merits is a good idea - so long as Wickeder first has been served with process." (Def.'s Resp. at 2.) Thus, both parties agree that the preliminary injunction hearing should be consolidated with the trial on the merits, and both parties agree that this consolidated matter should not be heard until Defendant has been properly served.

Accordingly, the parties' exhaustive arguments regarding whether service is required before a preliminary injunction hearing, or whether notice alone suffices, are rendered moot. Plaintiff's motion to adjourn preliminary injunction hearing and to consolidate trial is GRANTED.

## II. Defendant's Motion for Dissolution of TRO

The question remains whether the TRO should remain in place until Defendant has been served under the Hague Convention. In Plaintiffs' motion to adjourn preliminary injunction, Plaintiff suggests that until Defendant is served, the TRO "should remain in place as Wickeder is adequately protected by a bond." (Pl.'s Mot. at 4.) Defendant responded to this suggestion by filing a motion for dissolution of TRO, in which Defendant argues that

3

a TRO is designed to remain in place only for a short period of time. If the TRO remains in place until service, Defendant argues, it will last at least until May of this year. Defendant also claims that it is not adequately protected by the $100,000 bond as it currently "is carrying on its books a receivable from Almetals in the amount of $1,548,297.16." (Def.'s Mot. at 4.)

Fed. R. Civ. P. 65(b), which governs TRO's, states that a TRO granted without notice:

> shall expire by its terms within such time after entry, not to exceed 10 days, as the court fixes, unless within the time so fixed the order, for good cause shown, is extended for a like period or unless the party against whom the order is directed consents that it may be extended for a longer period.

To start, the Court notes that the time limit by its own terms applies only to TRO's granted without notice. Some courts have held, however, that the time limit applies to all TRO's, including those issued after notice to the nonmoving party. *See, e.g., Connell v. Dulien Steel Products, Inc.*, 240 F.2d 414, 417 (5th Cir. 1957); *Pan Am. World Airways, Inc. v. Flight Engineers' Intern. Ass'n,* 306 F.2d 840, 842 (2d Cir. 1962) ("The fact that notice is given and a hearing held cannot serve to extend indefinitely beyond the period limited by the Rule the time during which a temporary restraining order remains effective. The statute contemplates that notice and hearing shall result in an appropriate adjudication, i.e. the issuance or denial of a preliminary injunction, not in extension of the temporary stay.").[1]

Even if the time limit does apply to the TRO at issue in this case, "[r]estraining orders may be extended beyond twenty days . . . if the moving party has exercised good faith in

---

[1] Here, however, Plaintiff does not seek to extend the TRO indefinitely; rather, Plaintiff asks that the TRO remain in place, thus preserving the status quo, only until Defendant can be served and a preliminary injunction hearing held. This is the "appropriate adjudication" contemplated by the *Pan Am* court.

seeking the preliminary injunction hearing, but has been unsuccessful, and if the danger of irreparable injury continues." *Maine v. Fri*, 483 F.2d 439, 441 n.1 (1st Cir. 1973) (citing 11A Wright and Miller, Federal Practice & Procedure: Civil § 2953 at 282 (1995) (which notes that extending a TRO beyond 20 days "might be legitimate . . . when the preliminary injunction hearing has not been held within that time")).[2]

Here, both parties agree that the preliminary injunction hearing cannot be held until Defendant is served, which will take some time under the Hague Convention. Thus, the hearing cannot take place within the 20 day time limit. The parties dispute whether Plaintiff has in good faith sought to serve Defendant. Defendant notes that Plaintiff did not seek a court order to appoint an international process server until February 6, 2008, seven weeks after filing suit. Plaintiff argues that Defendant has delayed its ability to effectuate proper service with an array of legal maneuvering.

Ultimately, Plaintiff gets the better of this argument. When Defendant removed this case to federal court, Plaintiff's original summons was no longer valid. Before Plaintiff could obtain a summons in federal court, Defendant filed a motion to dismiss; this prevented Plaintiff from obtaining a new summons. Plaintiff obtained a new summons from this Court on January 17, 2008, the same day the Court granted Plaintiff's motion for TRO. Within a week, Plaintiff hired an international process server. Shortly thereafter, the Court entered the Order Appointing International Process Server. Thus, while at first blush it may

---

[2]The *Fri* court also stated that a TRO "cannot be extended indefinitely." *Id.* at 441. As noted above at footnote 1, however, Plaintiff does not seek an indefinite extension, but only seeks an extension until Defendant can be served.

5

appear that Plaintiff delayed serving Defendant, further inquiry reveals that Plaintiff has pursued service in good faith and in a timely fashion.

Additionally, the danger of irreparable injury to Plaintiff continues. Plaintiff asserts that if Defendant's motion is granted, Plaintiff "will suffer the financial ruin that the TRO was designed to prevent." Defendant, on the other hand, argues that to keep the TRO in place would be unfair because Plaintiff can benefit by the contract terms required by the TRO while Defendant receives nothing in return. What this argument fails to appreciate is that the contract terms required by the TRO are the same terms under which the parties had been operating. The TRO merely maintains the status quo until the contract dispute can be resolved. Thus, Defendant is in the same position as before it attempted to modify the terms of the contract.

The Court also rejects Defendant's statement that it "remains completely exposed - unpaid and wholly unprotected." Defense counsel conceded at oral argument that Defendant is insured against potential losses in the amount of approximately $4 million. As Defendant is currently owed approximately $1.5 million by Plaintiff, Defendant is adequately protected.

Finally, the Court rejects Defendant's argument that if the TRO is extended beyond 20 days, it effectively will become a preliminary injunction, which Defendant argues cannot be implemented without service.[3] To support its position, Defendant notes that "Fed. R.

---

[3]A TRO extended beyond 20 days may be treated as a preliminary injunction for purposes of appeal only. *See, e.g., Fri*, 483 F.2d at 441. Nonetheless, "there is no reason why the order then must become a preliminary injunction for all purposes. Indeed . . . in some instances it may be improper to do so because the requirement for obtaining a preliminary inunction will not be satisfied." 11A Wright and Miller, Federal Practice & Procedure: Civil § 2953 at 281 (1995).

Civ. P. 65 determines only the method of seeking and obtaining any sort of an injunction, and has no bearing on either the jurisdiction to exercise, or the propriety of exercising, the injunctive power." *Enter. Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 470 (5th Cir. 1985) (internal quotation marks omitted). In the very next sentence, however, the court continued, "[b]ecause Rule 65 confers no jurisdiction, the district court must have both subject matter jurisdiction and in personam jurisdiction over the party against whom the injunction runs, and, when that party is the defendant, this implies *either* voluntary appearance by him *or* effective service of process." *Id.* (internal quotation marks omitted) (emphasis added). As discussed above, Defendant has appeared and fully participated in all hearings to date.

Moreover, the *Corporacion* court stated that "[w]here a challenge to jurisdiction is interposed on an application for a preliminary injunction, the plaintiff is required to adequately establish that there is at least a reasonable probability of ultimate success upon the question of jurisdiction when the action is tried on the merits." *Id.* at 471 (citation and internal quotation marks omitted). Defense counsel conceded at oral argument that the Court has personal jurisdiction over Defendant, both by way of the long arm statute and by way of a forum selection clause in the contract at issue. Thus, the Court has substantive personal jurisdiction, and the only remaining issue is service, which is currently under way pursuant to the Hague Convention.

Accordingly, under the very case cited by Defendant to support its position, the Court can properly extend the TRO beyond 20 days, as Defendant has voluntarily appeared before the Court and as Plaintiff has adequately established that the Court has jurisdiction.

Ultimately, Defendant wants to have it both ways. It has fully participated in all proceedings to this point and therefore clearly has notice of this action, yet now maintains that the Court cannot extend the TRO due to lack of service. And Defendant refuses to waive service despite its knowledge that service may take three months or more. If Defendant's position were correct, Rule 65 would be inoperable against foreign Defendants. A TRO could not stand for more than 20 days, and a preliminary injunction could not issue until service was perfected under the Hague Convention, a process that can take months. The Court does not believe this result was envisioned or intended by the Federal Rules of Civil Procedure.

Accordingly, Defendant's motion for dissolution of TRO is DENIED. The current TRO is to remain in effect until further order of the Court. The bond requirement in the TRO is increased to $200,000. Plaintiff is ordered to post the additional $100,000 within seven days of this order.

## III. Conclusion

For the foregoing reasons, Plaintiff's motion to adjourn preliminary injunction hearing and to consolidate trial is GRANTED, Defendant's motion for dissolution of TRO is DENIED, and Plaintiff is ordered to post an additional $100,000 in bond within seven days of this order.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: March 6, 2008

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 6, 2008, by electronic and/or ordinary mail.

        s/Carol A. Hemeyer
        Case Manager